1

2

3

4

5

6

7

IN THE UNITED STATES BANKRUPTCY COURT FOR THE WESTERN DISTRICT OF
WASHINGTON AT SEATTLE

8

9

| In re: | Chapter 7 |
|---|---|
| TIRSO WILFREDO ARGUETA and BLANCA ESTELA ARGUETA, | Bankruptcy No. 04-23167 |
| | APPLICATION BY SPECIAL COUNSEL FOR TRUSTEE FOR COMPENSATION |
| Debtor(s) | |

10

11

12

13

14

15
        COMES NOW David J. Balint, PLLC, special counsel for the trustee ("special counsel"

16
or "applicant") and applies to this court for compensation as follows:

17
        1.        The undersigned is acting as special counsel for the trustee in the above-

18
                captioned

19
        matter and makes this application for an allowance of compensation for professional

20
        services rendered and for reimbursement of actual and necessary costs and expenses

21
        incurred by it in the administration of the debtor's estate

22
        2.        On March 9, 2005, this applicant was employed under a contingency fee

23
        agreement to represent the trustee in a personal injury action, pursuant to an order

24
        entered herein.

25

26

APPLICATION BY SPECIAL
COUNSEL FOR TRUSTEE FOR
COMPENSATION
2568.01 (P-33) Page 1 of 4

DAVID J. BALINT, PLLC
2033 SIXTH AVE., #800
SEATTLE, WA 98121-2565
Phone: (206) 728-7799
Fax: (206) 728-2729

3.     All services for which compensation is requested by your applicant were performed for and on behalf of said trustee, and not on behalf of any committee, creditor, or other person.

4.     This case involves personal injuries received by Tirso Argueta on August 3, 2004, when a drunk driver crossed the center line and collided head-on with the vehicle being driven non-negligently by Mr. Argueta. The tortfeasor was uninsured and had no discernable assets. Mr. Argueta had under-insured motorist (UIM) protection through his insurance company, Allstate Insurance, with contractual limits of $25,000. Mr. Argueta's car was totaled but he was paid by Allstate for the property damage prior to the commencement of bankruptcy. Mr. Argueta incurred medical bills totaling approximately $12,753.00 of which approximately $2,500 was for the initial emergency room and hospital stay. The balance was chiropractic adjustments. Although Mr. Argueta had PIP coverage, Allstate terminated his PIP benefits after paying $8,587.77.

Despite the clarity of the liability issue and the large amount of special damages, the Allstate Insurance policy provided for dispute resolution by means of jury trial. They insisted on a jury trial. Accordingly, the undersigned commenced litigation against Allstate under King County Cause No. 05-2-24202-7 SEA.

Knowing that state law was undeveloped on bad faith litigation in first party situations such as this, Alllstate made the case as expensively time-consuming as is possible. Interrogatories propounded to the Arguetas had to be answered. When interrogatories were propounded to Allstate, they delayed, forcing a substantial time commitment and forcing answers to interrogatories and requests for production of documents. Terms were ordered against them as discussed below.

Medical records had to be secured and medical opinions had to be lined up from the treating chiropractor, including a meeting with him.

APPLICATION BY SPECIAL
COUNSEL FOR TRUSTEE FOR
COMPENSATION
2568.01 (P-33) Page 2 of 4

DAVID J. BALINT, PLLC
2033 SIXTH AVE., #800
SEATTLE, WA 98121-2565
Phone: (206) 728-7799
Fax: (206) 728-2729

Allstate refused to engage in settlement negotiations or mediation. Consequently, all the trial preparation had to be accomplished, including lining up witnesses and producing all of the documents required by King County Local Rules. In addition, an ER 904 notebook was prepared, submitting the documentary evidence plaintiff sought to have admitted at trial. All the trial preparation was completed, including motions in limine, jury instructions, a joint statement of evidence and witnesses, and so on.

Trial was set to begin on January 29, 2007. Approximately two weeks before trial, on January 12, 2007, Allstate presented the undersigned with an Offer of Judgment for the full policy limits of $25,000 and waiver of their PIP subrogation lien. Since any bad faith action is a separate lawsuit, the judgment was entered accordingly against Allstate and has now been paid.

There was also a judgment for terms. Both items were paid n January 24, 2007. The undersigned ahs conveyed to the Trustee in Bankruptcy an Allstate check in the amount of $25,000 as well as a check for the terms ordered for the costs of the discovery violations, the cost of enforcing the discovery of violations in the amount of $467.50, for a total collection of $25,467.50.

The total time commitment from the undersigned was more than 62 hours. My usual hourly rates on non-contingency fee cases is $275.00 per hour. I have more than 32 years of litigation experience

In addition to the actual compensation referenced in this paragraph that was received, part of the Offer of Judgment and the judgment actually rendered also waives Allstate's personal injury protection (PIP) lien in the amount of $8,587.77. This is an additional benefit to the bankruptcy estate and Mr. Argueta.

DAVID J. BALINT, PLLC
2033 SIXTH AVE., #800
SEATTLE, WA 98121-2565
Phone: (206) 728-7799
Fax: (206) 728-2729

5.     I have received no payments and no promises for payments from any source for services rendered or to be rendered in any capacity whatsoever in connection with this case, and there is no agreement or understanding between myself and any other person other than members of my firm for sharing of the compensation to be received for services rendered in this case.

6.     No previous allowances have been made to the attorney in this matter.

7.     Special counsel was employed on a contingency basis of one-third of the recovery.  The contingency on the $25,467.50 is $8,489.17.  This is a reasonable fee in this matter.

8.     My firm has incurred several costs totaling $930.56.  These consist of filing fees of $110.00, service of process fees of $10.00, costs of securing medical records and bills of $400.17, legal messenger service of $30.00, copying charges of $152.40, deposition costs of $145.75, and the balance in miscellaneous charges.

WHEREFORE, your applicant prays that an allowance be made to him in the sum of $8,489.17 as compensation for professional services rendered, plus $930.56 for costs, for a total amount of 9,419.73.

Dated this 2nd day of February, 2007.

DAVID J. BALINT, PLLC

By_____
David J. Balint (WSBA #5881)
Of Attorney for Plaintiff

DAVID J. BALINT, PLLC
2033 SIXTH AVE., #800
SEATTLE, WA 98121-2565
Phone: (206) 728-7799
Fax: (206) 728-2729